CHRISTY L. HO  (# 6723)
1221 Kapiolani Blvd., Ste. 808
Honolulu, Hawaii 96814
Telephone No. (808) 347-5555
Email: ChristyLHo.esq@gmail.com

Attorney for Plaintiff
THERESA PURCELL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THERESA PURCELL,<br><br>                 Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,<br><br>                 Defendants. | CIVIL NO. 1:15-cv-211<br><br>COMPLAINT FOR DAMAGES, DEMAND FOR JURY TRIAL and SUMMONS |

## **COMPLAINT**

Comes now Plaintiff THERESA PURCELL ("Plaintiff"), by and through her attorney, Christy L. Ho, and for cause of action against Defendant AMERICAN AIRLINES, INC. (hereinafter "Defendant American"), allege and aver as follows:

1.    Plaintiff brings this action to end Defendant American's as well as its employees and agents' continued failure to comply with the Air Carrier Access Act and to compensate Plaintiff for physical and emotional injuries suffered as a result of their illegal acts.

1

2. On June 13, 2013, Plaintiff, a disabled American who suffers from Charcot Marie Tooth's Disease, was subjected to appalling and outrageous treatment by actors, employees and/or agents of Defendant American. Plaintiff, who is wheelchair-bound, suffers from Charcot Marie Tooth's Disease, a degenerative disease which weakens the body's muscles and nervous system. Plaintiff, unable to walk, was forced to crawl across the asphalt of an airport tarmac, up the metal stairs of an airplane, and into her seat on Defendant's airplane while passengers behind her watched.

3. Plaintiff suffered intense physical distress and extreme emotional damage as a result of Defendant American's actions and omissions in this instance.

## FEDERAL JURISDICTION AND PARTIES

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1332.

5. Defendant American is a Delaware corporation, that was and still is a foreign airline business entity doing business in Hawaii with its headquarters located at Fort Worth, Texas.

6. At all times mentioned in this action Defendant American maintained a continuous business presence in the State of Hawaii and employed and/or contracted those responsible for the actions mentioned herein.

7. Plaintiff Purcell is a natural person and citizen of the United

States, was at all material times herein a part time resident in the City and County of Honolulu, State of Hawaii.

8.  Venue is proper pursuant to 28 U.S.C. §1391.

9.  The United States District Court for the District of Hawaii has jurisdiction over this action under 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Theresa Purcell and American Airlines, Inc. and the amount of damages to be proven at trial exceeds $75,000.00, exclusive of interests and costs.

10. That true names, identities or capacities, whether individual, corporate, associate, partnership, representative, or otherwise of the Doe Defendants and their involvement herein are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend its pleadings to set forth the true names and capacities of such fictitiously named Defendants when the same become known to it. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein by a fictitious name acted in some manner negligently, intentionally wantonly, willfully, recklessly, maliciously and with conscious disregard for the consequences of their acts and is in some manner responsible and/or strictly liable to the Plaintiff for the acts, conduct, omissions and failures as hereinafter alleged concerning the events and happenings herein referred to, and that said acts, breaches, conduct omissions and failures, whether negligent, intentional, wanton, willful, reckless,

malicious, or with conscious disregard of the consequences of their acts, directly and proximately caused injury and damage to Plaintiff as herein alleged and otherwise

11.   Plaintiff has reviewed all documents available to her and has made a diligent and good faith effort to ascertain said persons' full names and identities; however, Plaintiff has been unable to ascertain the identities of said Defendants.  The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.

12.   Plaintiff reserves the right to amend this Complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

13.   Defendant American has responsibility to control and train its agents who act on its behalf.  Defendant American is therefore ultimately responsible for the actions, and therefore, must assume the risks incidental to the actions of its employees.

## **FACTS**

14.   On June 12, 2013, Plaintiff was travelling to Honolulu, Hawaii, via American Airlines Flight No. 2612 from San Diego, California to Los Angeles, California.

15.   The Airline Carrier Access Act ("ACAA") and applicable federal regulations require airlines to have specialized equipment available in order to

accommodate disabled passengers such as Plaintiff.

16. Defendant American did not make or have such equipment available to accommodate Plaintiff, a ticketed passenger, on June 12, 2013.

17. Prior to boarding the flight, Plaintiff was required to check in her wheelchair at the gate. The following conversation then transpired:

| | |
|---|---|
| Gate Agent (female): | "Are you able to walk onto the airplane?" |
| Plaintiff: | "Sorry, I can't walk up those stairs they are too steep. Isn't there a ramp?" |
| Gate Agent: | "No! There's no ramp." (Shouting) |
| Plaintiff: | "But that's how I got onto the plane the last time I flew out of here." |
| Gate Agent: | "Well I don't know how you're going to get into the plane. You're going to have to figure it out!" (Again shouting). |

18. Plaintiff waited by the entry way to the tarmac in her wheelchair. A Porter came to wheel her toward the airplane. Plaintiff asked the Porter for a ramp/lift to help her enter the airplane. The Porter informed her that there was a ramp/lift, but it would take too much time to bring it to the airplane and there was no time to do so. Plaintiff was wheeled to the base of the stairway to the airplane.

19. Plaintiff also had a soft cast on her ankle which further made her inability to walk up the stairs to the airplane blatantly obvious. Plaintiff was then forced to crawl up the stairway to the airplane or miss her flight. Plaintiff slipped on the third step and almost tumbled down the stairway several times.

Plaintiff's sister, Merle Purcell, followed closely behind her to assist.

20.  Plaintiff crawled from her wheelchair, across the tarmac, and up the metal stairs of the airplane and into her seat without any assistance from the ground crew or Defendant American's crew or the use of any mandated safety equipment up the stairs into the airplane.

21.  As Plaintiff crawled hand over hand from the tarmac to the metal stairway, many passengers were waiting behind Plaintiff on the tarmac watching her trek. This public humiliation caused and continues to cause Plaintiff extreme emotional distress.

22.  As Plaintiff crawled into her seat, she was approached by a flight attendant who retorted, "You are a trooper, I have never seen anyone get onto a plane like that." The flight crew did nothing to assist Plaintiff, instead serving as spectators themselves.

23.  Plaintiff suffered bruises and scratches to her arms and hands. Plaintiff was humiliated, embarrassed and ashamed by this incident.  Plaintiff was treated like an animal, having to crawl up the filthy stairway and was further subjected to verbal abuse by the gate agent as well as the flight attendant as she arrived at her seat.

24.  This incident caused Plaintiff great physical and emotional distress, pain and discomfort, extreme embarrassment and feeling of dehumanization and demoralization.  The resulting anxiety and depression plague her in her everyday life.

25. The ACAA and C.F.R. 14 Part 382 require airlines to have proper equipment available in order to accommodate disabled passengers such as Plaintiff.

26. No efforts were made to obtain such equipment, nor did any ramp employees, gate agents and/or flight crew of Defendant American make any effort to assist Plaintiff.

27. Plaintiff has filed a complaint with the Federal Aviation Administration Aviation Safety Hotline regarding her mistreatment as a disabled person by Defendant American.

28. Plaintiff has filed a complaint with the United States Department of Justice Civil Rights Division via the Americans with Disabilities Act regarding her mistreatment as a disabled person by Defendant American.

29. In 2014 Defendant American led all U.S. air carriers with the most consumer complaints filed against it with 3,083 complaints filed with U.S. Department of Transportation.

30. Defendant American reported a record net profit of $4.2 billion in revenue in 2014. The 2014 profit represented a 115% increase on the reported profits from 2013.

31. Defendant American continues to disregard the laws and fines imposed on it. In May, 2015, Defendant refused to provide a wheelchair for a passenger suffering from cancer that asked for assistance.

32. Via letter dated April 30, 2015, Defendant American admitted to

Plaintiff that "they were in violation of CFR 14 Part 382 for not having provided level entry boarding as requested" by Plaintiff.

## COUNT I
(Negligence Per Se or As a Matter of Law)
(Violation of Air Carrier Access Act, 49 U.S.C. §41705 et. seq.)

33. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-32 above.

34. Defendant American has a statutory duty under the ACAA and the regulations implementing the same to provide Plaintiff with a lift and/or other necessary equipment and/or assistance as needed/required and/or requested.

35. Defendant American, through its employees and/or agents, breached their duty in one or more of the following ways:

    A.    Failing to provide reasonable accommodation to Plaintiff as a disabled person;

    B.    Refusing to provide a lift for Plaintiff to board her flight; and

    C.    Humiliated, embarrassed and demeaned Plaintiff by forcing her to crawl across the tarmac, up a flight of stairs and into her seat aboard her flight in front of other waiting passengers.

36. Defendant American's conduct was unreasonable.

37. Defendant American's actions and/or omissions were the proximate or legal cause of Plaintiff's injuries both physical and emotional.

## COUNT II
(Negligence)

38. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-37 above.

39. Defendant American had a duty to provide Plaintiff with the utmost care and diligence in performing its duties o Plaintiff.

40. Defendant American, through its employees and/or agents, breached their duty in one or more of the following ways:

    A. Failing to provide reasonable accommodation to Plaintiff as a disabled person;

    B. Refusing to provide a lift for Plaintiff to board her flight; and

    C. Humiliated, embarrassed and demeaned Plaintiff by forcing her to crawl across the tarmac, up a flight of stairs and into her seat aboard her flight in front of other waiting passengers.

41. Defendant American's conduct was unreasonable.

42. Defendant American's actions and/or omissions were the proximate or legal cause of Plaintiff's injuries both physical and emotional.

## COUNT III
(Negligent Infliction of Emotional Distress)

43. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-42 above.

44. Defendant American's actions were negligent and were the proximate or legal cause of Plaintiff's emotional distress.

45. Plaintiff's emotional distress was a foreseeable result of Defendant American's conduct.

46. Plaintiff did suffer serious mental and/or emotional distress as a result of Defendant American's actions.

## COUNT IV
(Intentional Infliction of Emotional Distress)

47. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-46 above.

48. Defendant American's conduct through its employees and/or agents was done with conscious disregard for Plaintiff and her rights, which resulted in extreme emotional distress.

49. Defendant American's conduct was outrageous and egregious, and Plaintiff suffers from resulting anxiety and depression.

50. Plaintiff's emotional distress was a foreseeable result of Defendant American's conduct.

## COUNT V
(Violation of the Americans with Disabilities Act,
42 U.S.C. §12101, et. seq.)

51. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-50 above.

52. Under the American's with Disabilities Act ("ADA") Defendant

American had a statutory duty to not discriminate against Plaintiff on the basis of her disability.

53. Defendant American through its employees and/or agents, breached its duty in one or more of the following ways:

    A. Failing to provide reasonable accommodation to Plaintiff as a disabled person;

    B. Refusing to provide a lift for Plaintiff to board her flight; and

    C. Humiliated, embarrassed and demeaned Plaintiff by forcing her to crawl across the tarmac, up a flight of stairs and into her seat aboard her flight in front of other waiting passengers.

54. Said acts and/or omissions by Defendant American constitute a violation of the provisions contained in the ADA.

**COUNT VI**
(Discriminatory Practices
Violation of Hawaii Revised Statutes §489)

55. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-54 above.

56. Under Hawaii Revised Statute §489, Defendant American had a statutory duty to not discriminate against Plaintiff on the basis of her disability.

57. Defendant American through its employees and/or agents breached its duty in one or more of the following ways:

    A.    Failing to provide reasonable accommodation to Plaintiff as a disabled person;

    B.    Refusing to provide a lift for Plaintiff to board her flight; and

    C.    Humiliated, embarrassed and demeaned Plaintiff by forcing her to crawl across the tarmac, up a flight of stairs and into her seat aboard her flight in front of other waiting passengers.

58. Said acts and/or omissions by Defendant American constitutes a violation of the provisions contained in Hawaii Revised Statute §489 warranting the imposition of a minimum damage award of not less than $1000.00 or treble damages and reasonable attorney's fees.

## COUNT VII
(Negligence, Negligent Training, Negligent Supervision)

59. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-58 above.

60. Defendant American through its employees and/or agents acted negligently in failing to properly abide by the regulations set forth governing the transportation of disabled passengers.

61. Defendant American through its employees, were negligent in failing to properly train and/or supervise their employees in the treatment of disabled passengers.

62. Said actions of Defendant American were the proximate or legal

cause of Plaintiff's physical and emotional injuries.

## COUNT VIII
(Punitive Damages)

63. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-62 above.

64. Defendant American's conduct and treatment of Plaintiff was so outrageous, egregious, intentional, willful, wanton, oppressive and humiliating that it warrants an award of punitive damages to Plaintiff.

65. Said actions validate the imposition of an award of punitive damages in favor of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That a jury be empaneled to decide contested factual issues in this matter.

2. Declaratory judgment that Defendant American violated Plaintiff's civil rights under the Americans with Disabilities Act, the Air Carrier Access Act, and Federal and State of Hawaii law;

2. Special damages in an amount to be proven at trial;

3. General damages in excess of $75,000.00 exclusive of interests and cost;

4. Punitive damages in an amount to be proven at trial;

5. Treble damages as authorized by Federal and State of Hawaii statutes;

6. Her reasonable attorneys' fees pursuant to Federal and State of Hawaii statues and costs of court; and

7. Such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, _____June 15, 2015_____.

_____
CHRISTY L. HO
Attorney for Plaintiff
THERESA PURCELL

CHRISTY L. HO  #6723
1221 Kapiolani Blvd., Ste. 808
Honolulu, Hawaii 96814
Telephone No. (808)347-5555
Email:  ChristyLHo.esq@gmail.com

Attorney for Plaintiff
THERESA PURCELL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THERESA PURCELL, | CIVIL NO. 1:15-cv-211 |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| AMERICAN AIRLINES, INC; JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10, | |
| Defendants. | |

## **DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff above-named, by and through her attorney, and hereby demands trial by jury in the above-referenced matter.

DATED:  Honolulu, Hawaii, ____June 5, 2015____.

_____
CHRISTY L. HO
Attorney for Plaintiff
THERESA PURCELL

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| THERESA PURCELL ) | |
| ———————————— ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:15-cv-211 |
| AMERICAN AIRLINES, INC; JOHN DOES 1-10; ) | |
| JANE DOES -10; DOE ENTITIES 1-10 ) | |
| *Defendant* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* AMERICAN AIRLINES INC.,
4333 Amon Carter Blvd., MD 5675
Fort Worth, TX 76155

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   CHRISTY L. HO
1221 KAPIOLANI BLVD, SUITE 808
HONOLULU, HI  96814
(808)347-5555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____             _____
*Signature of Clerk or Deputy Clerk*